UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Ceridian HCM, Inc., | Case No. _____ |
| Plaintiff, | |
| vs. | **COMPLAINT**<br>**[JURY TRIAL DEMANDED]** |
| Santa Ynez Band of Chumash Indians and<br>Chumash Casino Resort Enterprise, | |
| Defendants. | |

Plaintiff Ceridian HCM, Inc. ("Ceridian"), for its Complaint against Santa Ynez Band of Chumash Indians ("Chumash Tribe"), and Chumash Casino Resort Enterprise ("Chumash Casino") (collectively "Defendants") states and alleges as follows:

## THE PARTIES

1. Ceridian HCM, Inc. is a Delaware corporation with its principal office at 3311 East Old Shakopee Road, Minneapolis, Minnesota.

2. The Chumash Tribe is a federally recognized Indian tribe, with its principal office at 100 Via Juana Lane, Santa Ynez, California.

3. Chumash Casino is an unincorporated business enterprise wholly owned by the Chumash Tribe, with its principal office at 3400 East Highway 246, Santa Ynez, California.

4. Defendants entered into a contact with Ceridian Corporation in December 2012. On April 1, 2013, Ceridian Corporation transferred its Human Capital Management business, including but not limited to customer contracts, to Ceridian,

HCM, Inc. Ceridian, HCM, Inc. assumed all liabilities relating to the Human Capital Management business, including but not limited to all obligations under customer contracts.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this controversy. The Chumash Tribe, acting through Chumash Casino, entered into a contract with Ceridian located in Hennepin County, Minnesota. Defendants' breach of that contract gave rise to this action. Through its contract, Defendants retained, interacted with, and paid Ceridian, located in Hennepin County, Minnesota to provide Defendants certain applications, software, and services in order for Defendants to perform a number of human resource functions.

6. Diversity jurisdiction exists pursuant to 28 United States Code § 1332. There is complete diversity between Ceridian and Defendants and the amount in controversy exceeds $75,000.

7. Defendants have clearly and expressly waived any immunity they might otherwise have to the claims asserted in this complaint.

## FACTUAL BACKGROUND

8. Defendants entered into a December 28, 2012 Service Agreement, three related Service Exhibits, one related Pricing Schedule, and one related Statement of Work (collectively, the "Agreements") with Ceridian pursuant to which Ceridian agreed to provide Defendants certain applications, software, and services in order for Defendants to perform a number of human resource functions, such as processing payroll, storing

information regarding employees, and tracking information related to recruiting. The Agreements required that Defendant pay the cost of certain one-time services associated with implementation, certain monthly recurring services, and any pre-production fees. The Agreements are attached as <u>Exhibit 1</u>.

9. Each of the agreements comprising the Agreements was signed by Carol Clearwater, Chief Financial Officer of Defendants. Ms. Clearwater was authorized to enter into the Agreements on behalf of Defendants and expressly represented in the Agreements that she had the authority to bind Defendants.

10. Ceridian performed obligations imposed upon it by the Agreements and Defendants knowingly received the benefits of that performance and made partial payment to Ceridian for that performance.

11. Section 14.1 of the Service Agreement provides: "The Agreement [defined in Section 1.2 to encompass the Agreements] and the Parties rights and obligations shall be governed by and construed and enforced in accordance with U.S. Federal law and filed with any federal district court of competent jurisdiction."

12. This choice of law provision and forum selection clause constitutes a clear and express waiver of any immunity Defendants might otherwise have to the claims asserted in this complaint.

13. Between December 28, 2012 and June 2014, Ceridian provided extensive services pursuant to the Agreements. Defendants paid for some of those services, but refused and failed to pay for services totaling $49,414.77.

14. On April 22, 2014, Defendants sent a letter to Ceridian alleging that Ceridian was in material default of the Agreements. Ceridian responded in a letter dated May 22, 2014, denying that it was in default of the Agreements and asking Defendants to respond so the parties could work out their differences. Defendants did not respond to that letter. On June 19, 2014, Ceridian wrote another letter to Defendants, asserting that Defendants had terminated the Agreement in light of their failure to respond, noting the unpaid balance of $49,414.77, noting that an additional $457,834.69 was due as an early termination fee, and offering to forego these fees if Defendants indicated their desire to proceed with the performance of the Agreements instead of terminating the Agreements. Defendants did not respond to that letter.

15. The amount due to Ceridian from Defendants for the services Ceridian rendered prior to Defendant's termination of the Agreements is $49,414.77, plus interest.

16. Despite Ceridian's repeated requests, Defendants have not paid the outstanding balance due to Ceridian.

17. Section 3.3 of the Service Agreement required Defendants to pay an early termination fee if they terminated the Agreements without cause prior to the expiration of the initial term of the Service Agreement.

18. Defendants' termination of the Agreements was not for cause, as Ceridian had not failed to perform its material obligations.

19. Defendant terminated the Service Agreement 19 months prior to the expiration of the initial term of the Service Agreement.

4

20. The early termination fee due to Ceridian from Defendants, as calculated under the Service Agreement, is $457,834.69, plus interest.

## COUNT I:
## BREACH OF CONTRACT

21. Ceridian realleges the allegations contained in Paragraphs 1 through 18.

22. Ceridian and Defendants entered into a contract dated December 28, 2012 whereby Ceridian agreed to provide certain services to Defendants and Defendants agreed to pay Ceridian for those services.

23. Ceridian did in fact provide those services to Defendants, fully performing its obligations under the contract up until the time Defendants terminated the contract.

24. Defendants breached the contract with Ceridian by failing to pay for all of the services Ceridian provided to Defendants. Defendants have never cured this breach and remain in default of their obligations under the contract.

14. Ceridian has been damaged by Defendants' breach in the amount of $49,414.77, the outstanding amount of services performed by Ceridian for which Defendants have failed to pay.

25. In addition, Defendants breached the contract with Ceridian by terminating the contract 19 months prior to the expiration of the initial term of that contract.

26. Ceridian has been damaged by Defendants' breach in the amount of $457,834.69, the amount due under the contract as an early termination fee.

27. Ceridian is entitled to relief by way of damages for Defendants' breach of contract. Those damages include the amounts set out above, plus interest.

WHEREFORE, Ceridian respectfully requests that judgment be entered in its favor and against Defendants and requests that the Court grant the following relief:

1. Damages in the amount of $507,249.46, plus pre-judgment and post-judgment interest; and

2. Such other and further relief as the Court may deem just and equitable, including costs and disbursements as permitted by law.

Date:  April 17, 2015            **OPPENHEIMER WOLFF & DONNELLY, LLP**

                                  By: s/Elizabeth A. Patton
                                      Gary Hansen (#40617)
                                      Elizabeth A. Patton (#391431)
                                  Campbell Mithun Tower - Suite 2000
                                  222 South Ninth Street
                                  Minneapolis, Minnesota 55402-3338
                                  Telephone:   612-607-7000
                                  Facsimile:   612-607-7100
                                  Email: ghansen@oppenheimer.com
                                        epatton@oppenheimer.com

                                **ATTORNEYS FOR CERIDIAN HCM, INC.**