UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Ceridian HCM, Inc.,

       Plaintiff,

v.                                         Civil No. 15-2050 (JNE/BRT)
                                         ORDER

Santa Ynez Band of Chumash Indians and
Chumash Casino Resort Enterprise,

       Defendants.

This is an action for breach of contract brought by Ceridian HCM, Inc., against

Santa Ynez Band of Chumash Indians and Chumash Casino Resort Enterprise under the

jurisdiction conferred by 28 U.S.C. § 1332 (2012).  Section 1332(a) provides that a

district court has original jurisdiction of a civil action where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs, and is between

(1) citizens of different states or (2) citizens of a state and citizens or subjects of a foreign

state.  28 U.S.C. § 1332(a)(1)-(2).

In the Complaint, Ceridian HCM alleged that it "is a Delaware corporation with its

principal office" in Minnesota; that Santa Ynez Band of Chumash Indians "is a federally

recognized Indian tribe" that has its principal office in California; that Chumash Casino

Resort Enterprise "is an unincorporated business enterprise wholly owned by" Santa

Ynez Band of Chumash Indians; and that the amount in controversy exceeds $75,000.  It

appears that jurisdiction under § 1332 does not exist because "Indian tribes are neither

foreign states nor citizens of any state."  *Gaming World Int'l, Ltd. v. White Earth Band of*

*Chippewa Indians*, 317 F.3d 840, 847 (8th Cir. 2003) (citations omitted); *see Auto-*

1

*Owners Ins. Co. v. Tribal Court of Spirit Lake Indian Reservation*, 495 F.3d 1017, 1020-21 (8th Cir. 2007); *Oglala Sioux Tribe v. C & W Enters., Inc.*, 487 F.3d 1129, 1130 n.2 (8th Cir. 2007).

The Court grants Ceridian HCM an opportunity to submit a memorandum of law that explains why this action should not be dismissed for lack for subject-matter jurisdiction. *See Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010) ("Courts have an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it."); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506 (2006) ("The objection that a federal court lacks subject-matter jurisdiction may be raised by a party, or by a court on its own initiative, at any stage in the litigation, even after trial and the entry of judgment." (citation omitted)). Ceridian HCM shall file the memorandum within seven days of the date of this Order.

IT IS SO ORDERED.

Dated: April 23, 2015

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge